842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re William NARDONE, Petitioner.
UNITED STATES of America, Plaintiff-Appellee,
v.
William NARDONE, Defendant-Appellant.
 Nos. 87-6133, 87-6675.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 4, 1988.
 
 William Nardone, appellant pro se.
 Mary Stanley Feinberg, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, WIDENER and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Nardone, a federal prisoner, has filed in this Court an original petition for habeas corpus relief and a motion for bail. He has also appealed the partial denial by the district court of his motion to amend his sentence.
 
 
 2
 Nardone's habeas corpus petition challeges the validity of his conviction. The proper vehicle for such a challenge is a motion to vacate filed pursuant to 28 U.S.C. Sec. 2255. Such motions are to be filed in the court which imposed the sentence. According to the provisions of Sec. 2255:
 
 
 3
 An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
 
 
 4
 Nardone claims that his petition is more properly brought in this Court because at the time of filing, he had three appeals pending here from post-trial motions. However, Nardone has not shown, nor does it appear, that the remedy by Sec. 2255 motion is inadequate or ineffective. Therefore, Nardone may not seek relief by a petition for a writ of habeas corpus, either in a district court or from a circuit judge. We accordingly deny leave to proceed in forma pauperis and dismiss the petition. This dismissal is without prejudice to Nardone's pursuit of his claim for relief by Sec. 2255 motion filed in the sentencing court. In view of the dismissal of the habeas petition, we deny the related motions for bail and for a new appeal.
 
 
 5
 In response to Nardone's motion to amend sentence, the district court changed the fine imposed on Nardone from a committed fine to a non-committed fine, but otherwise allowed the sentence to stand. Nardone argues in this appeal that no fine at all should have been imposed and, further, that his prison sentences were illegal because his convictions were invalid. We perceive no impropriety in the sentence as it currently stands. Therefore, we affirm the order of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 DISMISSED IN PART, AND AFFIRMED IN PART.